IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,933-01






EX PARTE KEVIN GEROME MERCHANT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 645374 IN THE 230TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of delivery of
cocaine and punishment was assessed at confinement for twenty-five years after Applicant was
found to be a habitual offender. There was no appeal from this conviction.

 Applicant contends that the Board of Pardons and Paroles has improperly imposed sex-offender conditions on him. He alleges that he has never been adjudicated of committing a sex-related offense, has never been evaluated and found to be a potential sex-offender, and has never
been given a hearing to determine whether he is a danger to children.. The Texas Department of
Criminal Justice, parole division, has submitted an affidavit, and the trial court has entered
findings of fact that the affidavit is correct and that sex-offender conditions were imposed on
Applicant because he had a prior juvenile probation for sexual assault. However, the affidavit
does not indicate whether Applicant has ever been evaluated for a need for sex-offender
treatment or been given a hearing as to the necessity for sex-offender conditions, and does not
indicate whether Applicant's juvenile probation was an unrevoked deferred adjudication.

 It is this Court's opinion that additional facts need to be developed, and since this Court
cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order additional affidavits, depositions, or
interrogatories from the parole division of the Texas Department of Criminal Justice, or it may
conduct a hearing.

 Following the receipt of additional information from the Texas Department of Criminal
Justice, the trial court shall make findings of fact as to whether Applicant's juvenile probation
was a deferred adjudication; whether it was ever revoked; and whether Applicant was given any
hearing or psychological evaluation before sex-offender conditions were imposed. The trial
court should also make any further findings of fact and conclusions of law which it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issue shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories and the transcription of the court reporter's
notes from any hearing or deposition, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2) 


DELIVERED: December 14, 2005

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
2. [2] Any extensions of this time period must be obtained from this Court.